IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Shannon Guthrie, | Civil Action |
| | No. 23-cv-2989 |
| Plaintiff, | |
| | |
| vs. | **COMPLAINT** |
| | |
| Board of Trustees for Southern Illinois University and Southern Illinois University - Edwardsville, | **Jury Trial Requested** |
| | |
| Defendant. | |

**COMES NOW** the Plaintiff, Shannon Guthrie, by and through her attorneys, and for her causes of action hereby states the following:

## INTRODUCTION

1. Plaintiff Shannon Guthrie ("Guthrie" or "Coach Guthrie") brings this action against the Defendant Board of Trustees of Southern Illinois University and Southern Illinois University -Edwardsville ("SIUE") for damages, equitable and other relief, and for gender discrimination in her application for employment in violation of her rights under federal law.

2. Coach Guthrie was impacted by gender bias and stereotypes in the assessment of her application for Head Softball Coach at SIUE.

## SUMMARY OF THE CLAIMS

3. This is an action brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. (hereinafter "Title VII") Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, *et seq.* (hereinafter "Title IX").

1

4. Title VII prohibits gender discrimination by SIUE against applicants of employment.

5. Title IX prohibits gender discrimination by SUIE against applicants of employment.

6. Title IX prohibits gender discrimination in educational institutions that receive federal financial assistance like SIUE.

7. Title IX prohibits gender discrimination in all of SIUE's programs and activities including athletics.

## JURISDICTION AND VENUE

8. Jurisdiction and venue exist in this Court, as the events giving rise to this lawsuit occurred in Edwardsville, Illinois.

9. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

10. Venue is appropriate in this District under 28 U.S.C. §§ 1391(b) and (c).

11. Coach Guthrie's EEOC charge against Defendant was filed on February 4, 2022.

12. The EEOC charge alleged, *inter alia*, that Defendant discriminated against Coach Guthrie on the basis of sex.

13. The EEOC issued a Notice of Right to Sue dated June 6, 2023. This action is being brought within ninety (90) days from the issuance of the Notice of Right to Sue.

## PARTIES

14. Plaintiff Shannon Guthrie, a female, is a resident of Springfield, Illinois.

15. Defendant Board of Trustees of Southern Illinois University was created by the Illinois General Assembly for the purpose of operating, managing, controlling, and maintaining SIU.

16. Defendant SIUE is an institution of higher education which operates a campus located in Edwardsville, Illinois ("SIUE").

17. Southern Illinois University is a public university system organized and existing under the laws of the State of Illinois. SIUE is the St. Louis Metro East campus of the University system.

18. SIUE's athletic teams participate in the NCAA Division I Ohio Valley Conference.

## STATEMENT OF FACTS

19. Plaintiff Shannon Guthrie has been coaching softball for over 15 years.

20. She is currently the softball coach of a Division II program at the University of Illinois Springfield.

21. Coach Guthrie has been highly successful in leading her team to post-season championships.

22. In 2018 and 2019, she led them to one Great Lakes Valley Conference ("GLVC") Championship, two NCAA Division II Regional Tournament title games, and one NCAA Division II Super Regional. In 2023, she led them to the NCAA Division II Regional Tournament.

23. In 2018, she was named the Conference Coach of the Year for the GLVC.

24. In 2019, Coach Guthrie learned that SIUE was looking for a new head softball coach.

25. SIUE is relatively new to Division I, and she knew this would be a terrific opportunity for her to grow the program.

26. She interviewed for the position with Athletic Director, Tim Hall.

27. Coach Guthrie was concerned during the interview with the way in which AD Hall treated Coach Guthrie.

28. He only asked her two questions during the entire interview, which is certainly not enough to glean what she is like nor her coaching style or coaching philosophy.

29. During the interview, AD Hall appeared critical of female coaches by talking about how bad the previous softball coach was and referencing other "bad" female coaches, compared to being oddly and overly complimentary of male coaches.

30. Through AD Hall's words and conduct in her interview, he made it clear that he preferred a male coach for this position.

31. This was confirmed when AD Hall chose to hire P.J. Finigan, male, for the head softball coach.

32. Coach Finigan had no softball experience as a player.

33. Coach Finigan was a baseball pitching coach who had no softball coaching experience.

34. Baseball pitching and softball pitching are completely different as baseball pitching is overhand and softball pitching is underhand.

35. Coach Finigan was not qualified to be a Division I softball coach.

36. AD Hall tried to excuse his hiring of an unqualified male by announcing publicly that there were no "strong" candidates interviewed for the position.

37. Instead, he hired someone who has no softball experience.

38. Presumably if Mr. Hall was seriously looking for "strong" candidates, he would have hired someone with significant softball experience.

39. The message AD Hall sent was that Defendant considered an unqualified male to be a stronger candidate than a qualified female.

40. Coach Finigan coached the team for one year with a 19-35 record before moving back to baseball as an assistant coach at Lindenwood University.

41. Defendant replaced Coach Finigan with another male, Ben Sorden.

## FIRST CAUSE OF ACTION
### Violation of Title VII
### (Gender Discrimination)

42. Plaintiff re-alleges the preceding paragraphs as if fully set forth herein.

43. Coach Guthrie has satisfied all administrative requirements and conditions precedent for bringing suit under Title VII on this claim.

44. Under the provisions of Title VII, it is unlawful for an employer to discriminate against an employee on the basis of sex.

45. At all times, Defendant was an "employer" within the meaning of Title VII.

46. Defendant's conduct was discriminatory against Coach Guthrie on the basis of sex with respect to the hiring process.

47. Defendant not only chose to hire a less qualified male for the softball position, it chose to hire a male with no qualifications in softball, rather than hire the qualified female applicant.

48. As a result of Defendant's conduct, Coach Guthrie suffered loss of employment, loss of wages and benefits, emotional pain and suffering, humiliation, embarrassment, inconvenience, damage to her reputation, loss of career, and out-of-pocket expenses.

49. The actions of Defendant also require the imposition of specific equitable and injunctive relief necessary to enforce the mandates of Title VII, including front pay, training, oversight of the athletic department to ensure gender equity throughout the university, and any other equitable relief deemed appropriate by the Court.

## SECOND CAUSE OF ACTION
### Violation of Title IX
### (Gender Discrimination)

50. Plaintiff re-alleges the preceding paragraphs as if fully set forth herein.

51. Defendant's educational programs and activities receive federal financial assistance within the meaning of Title IX.

52. Title IX regulations require Defendant to take such remedial action as is necessary to overcome the effects of sex discrimination in violation of Title IX.

53. Defendant violated Coach Guthrie's rights when it failed to hire her and state that she was not a "strong" candidate when it hired a male that had no experience in coaching softball pursuant to 34 C.F.R. § 106.41, *et seq.*

54. As a proximate result of Defendant's actions, Plaintiff has in the past and will in the future suffer injuries and damages as set forth above.

55. As a result of Defendant's actions, Coach Guthrie seeks monetary damages including, but not limited to, economic and career loss, and damages for the indignity and humiliation of being discriminated against in the hiring process.

56. The actions of Defendant also require the imposition of specific equitable and injunctive relief necessary to enforce the mandates of Title IX including, but not limited to:

    a. Training on the removal of implicit bias and gender stereotypes from the assessment of female students and female coaches;

    b. A court order requiring that the Defendant be audited regarding its compliance with Title IX and that any failures or violations of Title IX be immediately remedied by the university;

    c. That Defendant be required to take steps to not only comply with Title IX, but to provide additional remedies and funding to make up for shortcomings and the failure to make progress as required by Title IX; and

    d. Such other and further relief under Title IX as needed to make Coach Guthrie and other females similarly situated at Defendant whole.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Coach Guthrie requests, after a trial by jury, judgment against Defendant in an amount which will fully and fairly compensate her for her injuries and damages; lost wages and benefits; compensatory damages for loss of employment, loss of wages and benefits, emotional pain and suffering, indignity, humiliation, embarrassment, inconvenience, damage to her reputation, loss of career, and out-of-pocket expenses; equitable relief; and any other relief the Court deems just and necessary to make Plaintiff whole and effectuate the purposes of Title IX; prejudgment and post-judgment interest as allowed by law; attorneys' fees; expert witness fees; and costs.

## DEMAND FOR JURY TRIAL

WHEREFORE, Plaintiff Coach Guthrie requests a trial by jury.

Respectfully submitted,

NEWKIRK ZWAGERMAN, P.L.C.

*/s/ Jill M. Zwagerman*
Jill M. Zwagerman
IA Bar No. AT0000324
jzwagerman@newkirklaw.com
521 E. Locust Street, Suite 300
Des Moines, IA  50309
Tel: (515) 883-2000
Fax: (515) 883-2004
*Pro Hac Vice Forthcoming*

**Lead Counsel**

Dobson, Berns, & Rich, LLP

Jonathan C. Berns
IL Bar No. 6220096
jberns@dbrstl.com
5017 Washington Place, Suite 300
St. Louis MO 63108
Tel: (314) 621-8363
Fax: (314) 621-8366
*Pro Hac Vice Forthcoming*

Attorneys for Plaintiff

Original Filed.
August 31, 2023